## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DENISE M. KUBA | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| | ) | |
| VOTORANTIM CIMENTOS NORTH | ) | |
| AMERICA WELFARE BENEFITS PLAN, | ) | |
| and VOTORANTIM CIMENTOS NORTH | ) | |
| AMERICA, INC.,a.k.a PRAIRIE | ) | |
| MATERIAL, and HARTFORD LIFE and | ) | |
| ACCIDENT INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

### *COMPLAINT*

---

NOW COMES the Plaintiff, DENISE M. KUBA ("Plaintiff" or "Mrs. Kuba"), by her attorney, Dianne M. Onichimowski, DMO Law Firm, and complaining against the Defendants, the VOTORANTIM CIMENTOS NORTH AMERICA WELFARE BENEFITS PLAN, and VOTORANTIM CIMENTOS NORTH AMERICA, INC., also known as PRAIRIE MATERIAL, and HARTFORD LIFE and ACCIDENT INSURANCE COMPANY, and alleges as follows:

### JURISDICTION AND VENUE

1.      This action arises under the laws of the United States and jurisdiction of this Court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA") and is brought pursuant to 29 U.S.C. §1132(a)(1)(B), 29 U.S.C. §1132(a)(3)(B), 29 U.S.C. §1132(e), 29 U.S.C. §1132(f), and 29 U.S.C. §1132(g)(1) of ERISA. These provisions give this Court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee

welfare benefits plan and to obtain other appropriate equitable relief. The employee welfare benefits at issue here are supplemental life insurance benefits provided by Defendant Votorantim Cimentos North America, Inc., also known as Prairie Material ("Employer") for the benefit of its employees, through Defendant Votorantim Cimentos North America Welfare Benefits Plan ("Plan") and a supplemental life insurance policy issued by Defendant Hartford Life and Accident Insurance Company ("Hartford") under the Plan. Jurisdiction is founded on the existence of questions arising thereunder.

2.      ERISA provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. All avenues of appeals have been exhausted.

3.      Venue is proper in the Northern District of Illinois, pursuant to 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e). The events and omissions giving rise to Plaintiff's claim occurred in Bridgeview, Illinois, in this judicial district. Defendant Plan and Defendant Employer may be found in this judicial district.

4.      At all times relevant hereto, Defendant Hartford funded supplemental life insurance benefits under Defendant Plan. At all times relevant hereto, Defendant Hartford was engaged in the business of insurance and in the administration of the said supplemental life insurance under the Plan within this judicial district. Therefore, venue is proper here pursuant to 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e).

## NATURE OF ACTION

5.      This is an action to recover supplemental life insurance benefits under an employee welfare benefit plan governed by ERISA, in consideration of the premiums paid by Thomas C. Kuba, Sr., which were wrongfully denied to Plaintiff by Defendants.

## PARTIES

6.     At all times relevant hereto, Plaintiff, Denise M. Kuba, is the widow of Thomas C. Kuba, Sr. and she resides at 10352 S. Leslie Lane, Chicago Ridge, Illinois 60415. Prior to his passing, Thomas C. Kuba, Sr. was an employee of Defendant Employer. Prior to his passing, Thomas C. Kuba, Sr. was a participant in Defendant Plan as defined in 29 U.S.C. §1002(7).

7.     At all times relevant hereto, Defendant Plan constituted an employee welfare benefit plan as defined in 29 U.S.C. §1002(1), with its address being 7601 W. 79th Street, Bridgeview, Illinois 60455. The Summary Plan Description ("SPD") provided to Plaintiff indicates that Defendant Plan is an employee welfare benefit plan subject to the requirements of ERISA. This claim relates to benefits under the foregoing Defendant Plan.

8.     At all times relevant hereto, Defendant Employer is the former employer of Thomas C. Kuba, Sr. Defendant Employer is the Plan Administrator and the Plan Sponsor of Defendant Plan pursuant to 29 U.S.C. §1002(16)(A) and (B). The said SPD indicates that Defendant Employer is the Plan Administrator and the Plan Sponsor of Defendant Plan. Defendant Employer is located at 7601 W. 79th Street, Bridgeview, Illinois 60455.

9.     At all times relevant hereto, Defendant Hartford funds benefits under Defendant Plan under a group insurance policy which is incorporated into, and is part of, Defendant Plan. The group policy is Policy No. 0GL402814 and is located at One Hartford Plaza, Hartford, Connecticut 06155. Claims and appeals under Defendant Plan for supplemental life insurance benefits are administered by Defendant Hartford.

## FACTS

10.     Thomas C. Kuba, Sr. was hired by Defendant Employer on May 1, 1995. At all times relevant hereto, Thomas C. Kuba, Sr. was employed as a Financial Analyst by Defendant

3

Employer. Thomas C. Kuba, Sr. passed away on December 23, 2018 ("Decedent") after a long, terminal illness and while he was an employee of Defendant Employer.

11.     Defendant Plan provides two types of life insurance benefits: 1) basic life insurance benefits which is noncontributory in that Defendant Employer pays the premium[1]; and 2) supplemental life insurance benefits which is contributory and the employee must elect the supplemental life insurance benefits and pay the premiums. Premiums for supplemental life insurance under Defendant Plan are paid through payroll deductions, which are then remitted as required by Defendant Employer to pay for supplemental life insurance benefits.

12.     Decedent elected supplemental life insurance benefits ("SLI") under the Plan. The SLI were provided under the Plan by Defendant Hartford. The SLI Guaranteed Issue Amount is $150,000.00. Decedent paid the premiums for SLI through payroll deduction, and was paying the premiums for SLI at the time of his death. Decedent named his wife, Plaintiff, as his beneficiary to receive the SLI upon his death.

13.     Plaintiff made a claim for the SLI under the Plan after Decedent's death for the amount of $150,000.00. Defendants denied Plaintiff's claim. Plaintiff's claim was denied by Defendants because Defendants stated that Decedent waived his coverage for SLI for 2017 and 2018 and that he was not covered for SLI at the time of his death.

14.     Plaintiff appealed the denial of her claim indicating that Decedent did not waive his coverage for SLI for 2017 or 2018, continued to pay for SLI premiums through payroll deduction during 2017 and 2018, and that he was covered for SLI at the time of his death and that she is entitled to the SLI as his beneficiary.

---

[1] The basic life insurance benefits are not the subject of this action.

15.     By letter dated July 17, 2019, Defendant Hartford denied Plaintiff's appeal ("Denial"), a copy of which is attached hereto as **Exhibit A**. The Denial indicates that no benefit is payable because Decedent did not have coverage in force at the time of his death. The Denial also states that the claim decision is now final as administrative remedies available under the Plan have been exhausted.

## CLAIM PURSUANT TO 29 U.S.C. §1132(a)(1)(B)

16.     Plaintiff asserts that Decedent did not waive the SLI under Defendant Plan. Decedent was paying the premiums for SLI through payroll deduction at the time of his death. Defendants have not been able to demonstrate that Decedent waived SLI by any waiver showing his signature or that he had any knowledge that a purported waiver existed. Plaintiff is Decedent's beneficiary under Defendant Plan. Plaintiff has exhausted the administrative remedies. Plaintiff seeks payment of the SLI under Defendant Plan.

## CLAIM PURSUANT TO 29 U.S.C. §1132(a)(3)(B)

17.     The Denial states that "...*on January 9, 2019, Mr. Huber's employer submitted a Proof of Death form for Group Life Insurance. On this form, it was documented that Mr. Huber's date of death was December 23, 2018. This form also documented that Mr. Huber had...not* [elected] *Supplemental Life coverage. On May 14, 2019, Mr. Huber's employer contacted our claims office via telephone and stated that he had elected Supplemental Life Insurance in 2016, however, did not re-elect this coverage for 2017 or 2018. The Employer further noted that they continued to deduct premiums from Mr. Huber in error for 2017 and 2018 and that they have already refunded Ms. Huber those premiums*." (**Exhibit A**)

18.     Defendant Employer provided Plaintiff with an electronic, computer-generated paper ("Paper") which purports to be the "Annual Enrollment Elections (Effective 01/01/2018)",

in which the word "Waived" is found near "OPTIONAL LIFE"[2], supposedly as proof that Decedent had waived the SLI for 2018. This Paper is unsigned and has no place for an electronic signature or a handwritten signature. Defendant Employer has not been able to provide Plaintiff with any document that shows that Decedent ever even saw the Paper or knew its contents. Defendant Employer has not been able to provide Plaintiff with any written documentation that Decedent waived SLI that indicates his signature or any indication that he ever saw a waiver.

19.     The Denial states that Defendant Employer admits that they deducted premiums for the SLI for 2017 and 2018. Defendant Employer attempted to refund these premium payments, in the amount of $2,239.32, upon Plaintiff's claim, which Plaintiff refused and has never cashed.

20.     Plaintiff asserts that Decedent would not, and did not, waive coverage for SLI under the Defendant Plan. In the alternative, if it can be proven that Decedent made the elections on the Paper, such purported waiver was not a knowing waiver, and was accidentally done through the mis-click of a computer about two years before Decedent's death.

21.     Defendant Employer had no system in place to give Decedent the chance to check any elections or to correct any errors on the computer. Neither Plaintiff nor Decedent had any way of knowing that there may have been an error in the election of coverage by virtue of the fact that premium payments for the SLI were deducted for 2017 and 2018.

22.     Plaintiff and Decedent both believed that Decedent was covered under Defendant Plan for both basic life insurance[3] and SLI, and had no reason to question it. Plaintiff asserts that had Decedent had any inkling of any problem with the election of coverage, Decedent would have taken steps to correct it. Plaintiff asserts that Decedent knew that he was terminally ill and

---

[2] On information and belief, the reference to "OPTIONAL LIFE" is the Supplemental Life Insurance benefits ("SLI") under Defendant Plan.
[3] The basic life insurance under Defendant Plan is not at issue in this action.

near the time of his death, Decedent reminded Plaintiff that he had "two life insurance policies at work" of which Plaintiff was the beneficiary: a basic life insurance policy, and a supplemental life insurance policy.[4]

23.     The Denial states that *"As the information submitted from his Employer indicates, Mr. Huber did not elect Supplemental Life Insurance, we have determined he was not covered under this* [Plan] *at the time of his death of December 23, 2018."* Defendant Hartford indicates that the claim forms submitted by Defendant Employer indicated that Decedent was not covered, and therefore, Plaintiff's appeal was denied.

24.     Plaintiff seeks the equitable relief that this Court order Defendant Employer to take whatever action is needed to inform Defendant Hartford that Decedent did not waive the SLI and that Decedent was covered at the time of his death on December 23, 2018.

## EQUITABLE ESTOPPEL

25.     Defendant Employer deducted premiums for Decedent's SLI for 2017 and 2018. Defendant Employer now claims that the payroll deduction of premiums for SLI was "in error" and Decedent was not covered at the time of his death, and therefore, no SLI benefits are payable.

26.     Defendant Employer misrepresented that Decedent was covered for SLI in two separate years, i.e., 2017 and 2018 (the year of Decedent's death) through the repeated payroll deductions of premiums for SLI in 2017 and 2018. Had Defendant Employer corrected the "error" for 2017, Decedent would have been able to correct the "error" so that he would have been covered for SLI for 2018 (the year of his death) and therefore, SLI would have been payable to Plaintiff.

---

[4] Plaintiff asserts that the Supplemental Life Insurance under Defendant Plan was elected by Decedent for the specific purpose of paying off the mortgage on the marital home, so that Plaintiff, who has her own health issues, could be financially protected as much as possible.

27.     Defendant Employer is the Plan Administrator under Defendant Plan. The Plan Administrator's/Defendant Employer's "error" and the Plan Administrator's/Defendant Employer's continuing action in not correcting that "error", caused the Plan Administrator/Defendant Employer to prevent the Decedent from taking corrective action that would have enabled Plaintiff to receive the SLI under Defendant Plan.

28.     The actions of Defendant Employer, as Plan Administrator under Defendant Plan, are egregious and extraordinary circumstances. Said actions are a knowing misrepresentation, or amount to a knowing misrepresentation.

29.     Defendant Employer made the misrepresentations in writing, reflected in payroll stubs of the Decedent. These misrepresentations were reasonably relied upon in that there was no reason to question the pay stubs. Consequently, Plaintiff has been harmed in that she has been denied SLI benefits under Defendant Plan. Plaintiff seeks that this Court equitably estop Defendants from benefiting at her expense as a result of their misrepresentations. Plaintiff seeks that this Court enforce the misrepresentation against Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A.     A determination that deceased Plan participant Thomas C. Kuba, Sr. did not waive coverage for supplemental life insurance benefits under the Votorantim North America Employee Welfare Benefits Plan;

B.     Order Votorantim Cimentos North America, Inc., also known as Prairie Material, to take necessary action to inform Hartford Life and Accident Insurance Company that Thomas

C. Kuba, Sr. was covered under the Votorantim North America Employee Welfare Benefits Plan for supplemental life insurance benefits on the date of his death;

  C. A determination that Plaintiff is entitled to the supplemental life insurance benefits under the Votorantim North America Employee Welfare Benefits Plan in the amount of $150,000.00 as the beneficiary of deceased Plan participant, Thomas C. Kuba, Sr., plus interest;

  D. An award of reasonable attorney fees and costs of action; and

  E. For such other and further relief as this Court deems just and proper.

**DENISE M. KUBA**

By:  <u>s/ Dianne M. Onichimowski</u>
    DIANNE M. ONICHIMOWSKI

Attorney for Plaintiff
DMO LAW FIRM
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
T: 312-474-7788 or 312-251-9700
F: 312-251-9701
E: donichimowski@comcast.net
Attorney I.D. # 6239587